## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PHILIP TINSLEY III,                    )
                                       )
               Plaintiff,              )
                                       )
               v.                      )          Civil Action No. 06-0429 (RCL)
                                       )
HON. ALBERTO R. GONZALES,              )
  Attorney General of the United States,  )
                                       )
              Defendant.              )
_____)

### DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS

Defendant Alberto R. Gonzales respectfully moves this Court to dismiss the above-captioned complaint based on Plaintiff's violation of a standing court order from the District Court for the Eastern District of Virginia banning him from filing an action in any federal district court without prior leave,[1/] and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendant also respectfully requests that the Court enter an Order prohibiting Plaintiff from filing further litigation in this District without prior leave of court. This remedy is sought in lieu of sanctions that are otherwise available against Plaintiff pursuant to Fed. R. Civ. P. 11(c), but, nonetheless, based on the guidance that the Rule offers, and the general authority of the court pursuant to Article III of the U.S. Constitution and Title 28, U.S.C. § 1651(a). In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting

_____

[1/]    Tinsley v. Fleetboston Financial Corp, 2:01cv215 at 16-17 (E.D.Va. July 17, 2001), attached hereto as Govt. Exh. 1.

the assertions therein.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

Furthermore, should this Court treat Defendants' Motion to Dismiss as a Motion for

Summary Judgment because of the documents attached, the Federal Rules of Civil Procedure

provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify to the matters stated therein.
> Sworn or certified copies of all papers or parts thereof referred to in an affidavit
> shall be attached thereto or served therewith.  The court may permit affidavits to
> be supplemented or opposed by depositions, answers to interrogatories, or further
> affidavits.  When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere allegations or
> denials of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth specific facts
> showing that there is a genuine issue for trial.  If the adverse party does not so
> respond, summary judgment, if appropriate, shall be entered against the adverse
> party.

Fed. R. Civ. P. 56(e); See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) ( pro se party may

lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that

facts identified by the moving party in its statement of facts are admitted, unless such a fact is

controverted in the statement of genuine issues filed in opposition to the motion").

Respectfully submitted,

  /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PHILIP TINSLEY III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0429 (RCL) |
| | ) | |
| HON. ALBERTO R. GONZALES, | ) | |
| Attorney General of the United States, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS**</u>

Plaintiff Philip Tinsley is a serial litigator, having brought well over thirty claims in United States District Courts around the country, each of which was dismissed as improvidently filed. Indeed, Plaintiff has been barred by the Eastern District of Virginia from "filing any new action or proceeding in any federal court without first obtaining prior leave of that court." <u>Tinsley v. Fleetboston Financial Corp</u>, 2:01cv215 at 16-17 (E.D.Va. July 17, 2001), attached hereto as Govt. Exh. 1.

Plaintiff brings this action, pro se, against the Attorney General of the United States, seeking monetary relief under 18 U.S.C.A. § 1341, alleging that the Attorney General committed "mail fraud" by failing to respond to Plaintiff's demands that the Attorney General arrest various personnel with the United States District Court for the Eastern District of Virginia, and further that the Attorney General failed to enforce alleged "mandamus" orders from other Courts in which Plaintiff was allegedly awarded monies. Plaintiff's claim here is outrageous and frivolous, and should be dismissed. Plaintiff has asserted no basis of recovery against the Attorney General, nor has he been awarded a Mandamus or any monetary award from any court.

Moreover, because Plaintiff violated the Order of the Eastern District of Virginia, has continued to engage in frivolous and abusive litigation, and has recently escalated in his allegations and has made a threat against the Clerk of the United States District Court, this Court should enter an order barring him from filing any further pleading or litigation in this District.

## INTRODUCTION

### A.    Plaintiff's Claim

Plaintiff claims that he has been awarded monies by other courts through "mandamus" proceedings, and that he has sought the assistance of the Attorney General in collecting those funds by sending numerous letters and faxes to the Department of Justice.  Complaint at ¶ 5.  Through this correspondence, Plaintiff alleges that the Attorney General was "given full disclosure on the mandamuses filed in federal cases in which . . . plaintiff was a victorious pro se plaintiff."  Id. at ¶ 5(j).[1]  Plaintiff asserts that the Attorney General was "willfully negligent" under the federal mail fraud and wire statute, 18 U.S.C.A. § 1341, and the he committed mail fraud by failing to respond to his correspondence.  Id. at ¶ 6.  He further alleges that the Attorney General demonstrated an "indifference to the truth" regarding the appropriation of Plaintiff's property and his winning "federal lawsuits with the filing of mandamuses."  Id.

In addition, Plaintiff claims that he has attempted to file a civil lawsuit in the U.S. District Court for the Eastern District of Virginia, but his attempt was illegally obstructed by Chief Judge James R. Spencer of the District Court for the Eastern District of Virginia.  Complaint at ¶ 5.  He

_____

[1]    A review of each docket in the United States District Court cases filed by Plaintiff reveals that no federal court has issued a "mandamus" in favor of Plaintiff, nor has any federal court awarded any monies to Plaintiff.  Indeed, every federal court matter filed by Plaintiff was dismissed on the opposing parties' motions.  See n. 4, *infra*.

2

has written letters to the Attorney General demanding that Judge Spencer be arrested and charged

with various crimes, including obstruction of justice, impersonating(sic), making false

statements, conspiracy to interfere with civil rights, and gross incompetence. <u>Id</u>. at ¶ 5(d-g), and

<u>id</u>. at Attachment K. In his letters, Plaintiff also demanded that Chief Judge Spencer be

immediately disbarred. <u>Id</u>. Plaintiff has also faxed letters to the Attorney General demanding

that the United States District Court for the Eastern District of Virginia's Richmond Division be

charged with violating the Fifth Amendment and obstruction of justice. <u>Id</u>. at Attachments G- J.

No response was received by Plaintiff regarding his demands. <u>Id</u>. at ¶ 5. Plaintiff seeks a

monetary award and a jury trial.[2]

Since the filing of the complaint, Plaintiff has filed various pleadings making frivolous

claims. For example, Plaintiff sent a "Motion for Judgment by Entry of Default," in which he

claims that the Attorney General is "in default on charges of mail fraud" because he did not file

an Answer by April 13, 2006. Plaintiff's Motion for Judgment, filed 4/20/06 (Dkt. No. 4) at 2.

In his Motion, Plaintiff also claims that he "su[ed] then President George W. Bush in the U.S.

Supreme Court on charges of treason . . . in June 2001," and that the President and Attorney

General both became felons as a result of the Attorney General's failure to respond to that suit.

<u>Id</u>. at 3-4. Plaintiff has further filed a "Motion to Correct Clerical Error under the Federal Rules

of Civil Procedure," in which he claims that the Clerk of this Court has violated his rights under

the 5th Amendment and 42 U.S.C.A. § 1981 and that the Clerk has committed obstruction of

justice under 18 U.S.C.A. § 1505. Plaintiff's Motion to Correct Clerical Error, filed 4/20/06

---

[2] Defendant is uncertain regarding the amount of damages sought by Plaintiff. In his complaint, Plaintiff asks for "EIGHTY THOUSAND MILLION DOLLARS," however, he follows this demand with a numerical figure of "($80,000)". Compl. at 5.

3

(Dkt. No. 3) at 1-2.

In correspondence to the United States Secretary of State and the United States Attorney, Plaintiff has demanded that the Clerk of the Court be charged with one count of obstruction of justice. Letter from Plaintiff to U.S. Secretary of State and U.S. Attorney, dated April 17, 2006 (Govt. Exh. 2). Plaintiff insisted that "[s]ince Alberto R. Gonzales is no longer the Attorney General of the U.S., you must take over his duties pending the appointment of a new Attorney General of the United States...." Id. Further correspondence from Plaintiff, dated April 18, 2006, has demanded that the Secretary of State or the United States Attorney have someone present to oversee the filing of his motions "or be guilty of *accessory-after-the-fact* to obstruction of justice." Govt. Exh. 3 (emphasis in original).

Recently, Plaintiff has escalated his claims against the Clerk of the Court. Plaintiff sent a letter addressed to "The People of this World" explaining that he attempted a "Sunday, special delivery of papers from (sic) the U.S. District Court for the District of Columbia" via the United States Postal Service, and that the Clerk of the Court refused to place a "Filed" stamp on a Motion for Judgment by Entry of Default. Letter from Plaintiff to People of the World, dated Sunday, April 23, 2006 (Govt. Exh. 4). According to the Plaintiff, such failure to file his pleading by the Clerk of the Court constitutes obstruction of justice and treason, and Plaintiff demanded that the Clerk be arrested and executed. Id.

B.    **Plaintiff's Litigious Background**

Since 1996, it appears that Plaintiff has filed no fewer than seventeen (17) pro se actions

in the United States District Court for the Eastern District of Virginia, where he resides.[3/]  In

addition, Plaintiff has filed at least twenty-two (22) pro se actions in twelve (12) other federal

courts, including four (4) actions in the District Court for the District of Columbia [4/] and three (3)

---

[3/]    Tinsley v. U.S. Senate Committee on the Judiciary, 1:99cv00952 (Order filed 10/1/99) (dismissed with prejudice); Tinsley v. U.S. Senate Committee on Armed Services, 1:99cv00951 (Order filed 10/1/99) (dismissed with prejudice); Tinsley v. Eliot Spitzer, Attorney General for the State of New York, 1:99cv1342 (Order filed 2/16/00) (dismissed w/o prejudice pursuant to Fed. R. Civ. P. 4(m)); Tinsley v. The Honorable T. Rawles Jones, Jr. Magistrate Judge, United States District Court for the Eastern District of Virginia, 1:99cv1822 (Order filed 1/18/00) (dismissed); Tinsley v. Metropolitan Life Ins. Co., 3:00cv056 (Order filed 3/16/00) (dismissed w/o prejudice to refiling in appropriate court); Tinsley v. Quick & Reilly, Inc., 2:00cv291 (Order filed 2/9/01) (dismissed with prejudice); Tinsley v. Everett A. Martin, Jr., Judge, Norfolk Circuit Court, 2:00cv00360 (Order filed 7/18/00) (dismissed with prejudice); Hospital Authority of Norfolk, et al. v. Bell, Tinsley (Removal Order filed 7/13/00) (action remanded to Circuit Court of City of Norfolk); Tinsley v. Virginia Dept. of Motor Vehicles, 3:00cv0670 (Order filed 2/15/01) (dismissed with prejudice); Bell, et al. v. Bank of America, 2:00cv0880 (Order file 7/11/01) (dismissed with prejudice); Tinsley v. Fairfax County Police, 1:01cv00279 (Order filed 9/20/01) (dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m)); Tinsley v. The Honorable Mark Warner, Governor of Virginia, 1:02cv00288 (Order filed 3/6/02) (dismissed as frivolous); Tinsley v. Fleetboston, 1:00cv02147 (Order filed 3/20/03) (transferred to Norfolk Division); Tinsley v. Fleetboston, 2:01cv00215 ( Order filed 7/18/01) (dismissed with prejudice and plaintiff is prohibited from future filings without leave of court); Shafik v. Tinsley, 1:03cv00103 (Removal Order filed 4/4/03) (case remanded to Fairfax County General District Court and Tinsley's counterclaims dismissed with prejudice); Tinsley v. Apple Federal Credit Union, 1:03cv00721 (Order filed 8/29/03) (dismissed); Tinsley v. Mary Washington Hosp., 3:06mc00005 (Order filed 3/16/06) (Plaintiff denied leave to file complaint).

[4/]    Tinsley v. The Honorable Chief Justice William Rehnquist, 1:01cv01733 (D.D.C. 4/15/03) (dismissed w/o prejudice pursuant to Fed. R. Civ. P. 4(m)); Tinsley v. The Honorable J. Dennis Hastert, Speaker of the House, 1:01cv02342 (D.D.C. 6/18/02) (dismissed); Tinsley v. The Honorable Robert Mueller, Director of the Federal Bureau of Investigation, 1:03cv00059 (D.D.C. 5/14/03) (dismissed); Tinsley v. The Honorable Justice Ruth Bader Ginsburg, 1:03cv01539 (D.D.C. 2/9/04) (dismissed with prejudice)

in the Court of Federal Claims and one in the Court of Appeals for the Federal Circuit.[5] Many of

those claims share virtually identical allegations.[6] Every complaint has been dismissed.

## C.    **Order Barring Further Litigation by Plaintiff**

On July 17, 2001, following the filing of yet another frivolous complaint by Plaintiff, the

District Court for the Eastern District of Virginia issued an order dismissing the action.   In

Tinsley v. FleetBoston Financial Corp., 2:01-CV-00215 (E.D. Va. July 17, 2001), Plaintiff filed a

---

[5]    United States v. Tinsley, 10 Fed. Appx. 804, 2001 WL 569123 (Fed. Cir. 2001)
(dismissed based on lack of jurisdiction to hear a challenge to a traffic violation conviction);
Tinsley v. United States, 00cv35 (Fed.Cl.Ct. 1/27/00) (dismissed), aff'd 250 F.3d 759 (Fed. Cir.
2000) (unpublished opinion); Tinsley v. United States, 00cv162 (Fed.Cl.Ct. 8/4/00) (dismissed);
Tinsley v. United States, 00cv283 (Fed.Cl.Ct. 5/31/00) (dismissed). Tinsley v. United States, 250
F.3d 759, 2000 WL 987040 (Fed.Cir. 2000) (summary affirmance of district court's dismissal of
complaint granted); United States v. Tinsley, 10 Fed.Appx. 804, 2001 WL 569123 (Fed. Cir.
2001) (dismissed based on lack of jurisdiction to hear a challenge to a criminal conviction).

[6]    Tinsley v. Verizon Maryland, Inc., 1:02cv2731 (D. Md. 10/28/02) (dismissed)
(sanctions ordered against plaintiff for failure to seek leave of court before filing complaint,
Order filed 11/27/02); Tinsley v. McGuire Woods, LLP, 1:02cv04044 (D.Md 12/23/02)
(dismissed with prejudice for failure to seek leave of court before filing complaint); Tinsley v.
The Honorable Joseph A. Smith, Jr., Commissioner of Banks, 5:02cv0827 (E.D.N.C. 4/20/03)
(dismissed), appeal dismissed for failure to prosecute, 03-1806 (4th Cir. 9/2/03); Tinsley v.
BB&T Bank Corp., 1:03cv0970 (M.D.N.C. 3/5/05) (dismissed without prejudice for failure to
obtain service); Tinsley v. American Bar. Ass'n., 1:03cv02618 (N.D. Ill. 5/15/03) (sua sponte
dismissal without prejudice for failure to state a claim); Tinsley v. David Komansky, Chairmand
of the Board and CEO of Merrill Lynch, Inc., 1:03cv02919 (S.D.N.Y. 10/15/03) (dismissed sua
sponte and Court certification that appeal from the dismissal would not be taken in good faith);
Tinsley v. The Honorable Jane Swift, Governor of Massachusetts, 1:02cv11327 (D.Mass
10/8/02) (dismissed, Order filed 10/8/02); Tinsley v. Zions First Nat'l Bank, 2:03cv00682
(D.Utah 12/10/03) (dismissed with prejudice for failure to state a claim); Tinsley v. Equifax
Information, 1:03cv00676 (N.D.Ga. 9/4/03) (dismissed); Tinsley v. Union Planters Corp. et al.,
2:02cv02606 (W.D.Tenn. 8/8/02) (dismissed for lack of jurisdiction, failure to state a claim, lack
of basis in law or fact and is frivolous, and further certifying that any appeal would not be taken
in good faith); Tinsley v. Omaha State Bank, 8:05cv00311 (D.Neb. 1/4/06) (dismissed with
prejudice); Tinsley v. Yale University, 3:94cv01578 (D.Conn. 7/24/96) (summary judgment in
favor of Yale University); Tinsley v. USAA Property & Casualty Ins. Group, 02cv930 (W.D.
Tex. 11/13/02) (dismissed without prejudice and clerk instructed to refuse to accept further
submissions from Plaintiff except for petitions for leave of court).

civil action against FleetBoston Financial Corporation alleging that he was awarded a civil judgment against a subsidiary company, Quick & Reilly, Inc., and that FleetBoston's refusal to pay one million dollars constituted mail fraud and a RICO violation.  Govt. Exh. 1 at 3.  In fact, Plaintiff's complaint against Quick & Reilly, Inc., was dismissed with prejudice due to his repeated failure to comply with court orders.  Id. at 2.  In dismissing the complaint, the Eastern District Court found that Plaintiff's claims consistently "involved outlandish and unmeritorious claims," and that Plaintiff "has a history of using harsh and abusive language" with the Court, the litigants, and their attorneys.  Id. at 15-16.  In an effort to design a remedy to "protect the courts, this Defendant, and any past and potential defendants from the harassment of frivolous and vexatious litigation initiated by Plaintiff," the Court imposed an injunction barring Plaintiff from filing any further action.  Id.  Specifically the Court entered an order that provided as follows:

> (1)  Plaintiff, or anyone acting on his behalf, is enjoined from filing any new action or proceeding in any federal court without first obtaining the leave of that court....
> Leave of that court shall be forthcoming upon Plaintiff's demonstration through a properly filed motion that the proposed filing (1) can survive a challenge under Rule 12, (2) is not barred by the principles of issue or claim preclusion, (3) is not repetitive or in violation of a court order, and (4) is in compliance with Rule 11.

Id. at 16-17.  The court denied monetary sanctions against Plaintiff out of concern for Plaintiff's financial situation, in that he was caring for an elderly grandmother.  Id. at 16.

Undeterred by the Eastern District Court's order, Plaintiff filed twenty-six (26) subsequent civil actions.  Some of those cases were dismissed for failing to comply with the Eastern District Court's order.  See Tinsely v. Verizon Maryland, Inc., 1:02cv02731 (D. Md. 11/27/02), attached as Govt. Exh. 5; Tinsley v. McGuire Woods, 02cv4044 (D. Md. 12/23/02), attached as Govt. Exh. 6; Tinsley v. Union Planters Corp., 02cv2606 (W.D. Tenn. 8/16/02),

attached as Govt. Exh. 8; Tinsley v. USAA Property & Casualty, 02cv930 (W.D. Tex. 11/13/02), docket attached as Govt. Exh. 9 at entry 13. In Tinsely v. Verizon Maryland, Inc., 1:02cv02731 (D. Md. 11/27/02), the United States District Court for the District of Maryland imposed an additional penalty of $1000 against Plaintiff for his violation of the Eastern District Court's order in FleetBoston. Govt. Exh. 5. Plaintiff then attempted to sue the law firm that represented Verizon Maryland, Inc., but the District Court for the District of Maryland, *sua sponte*, dismissed the complaint for, inter alia, failing to comply with the order in FleetBoston. Govt. Exh. 6.

Additionally, the United States Court of Federal Claims has, likewise, barred Plaintiff from filing any further actions in that court. In Tinsley v. United States, No. 00-CV-283 (Fed. Cl. May 31, 2000) the Clerk of the United States Court of Federal Claims was ordered not to accept for filing any more complaints or postjudgment pleadings submitted by Plaintiff to that Court.

In the present matter, Plaintiff has not obtained leave of this Court prior to filing his complaint, nor has he notified this Court of the injunction against him.

## **ARGUMENT**

As set forth fully below, this complaint should be dismissed on the grounds that: (1) Plaintiff has been enjoined from filing any actions in any district court without leave of that court; (2) there is no waiver of sovereign immunity nor substantive claim upon which the Court might maintain subject matter jurisdiction; and (3) there is no private right of action for alleged violations of the criminal mail fraud statute, 18 U.S.C. § 1341.

## I.    STANDARD OF REVIEW.

The standard of review to be applied in a motion to dismiss is well-established. A plaintiff's factual allegations must be presumed true and liberally construed in favor of the plaintiff when reviewing the adequacy of a complaint for purposes of a Rule 12(b)(6) motion. Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); citing Miree v. DeKalb County Georgia, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977).  In addition, the plaintiff must be given every favorable inference that may be drawn from his allegations of fact.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).  "However, legal conclusions, deductions or opinions couched as factual allegations are not given to presumption of truthfulness."  2A Moore's Federal Practice, s 12.07, at 63 (2d ed. 1986)(footnote omitted); see Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987) (*citing* Pauline v. McElroy, 278 F.2d 252, 154 (D.C. Cir.), cert. denied, 364 U.S. 835 (1960)). Dismissal is only appropriate if it appears beyond doubt that no set of facts proffered in support of plaintiff's claim would entitle him to relief.  Haynesworth, 820 F.2d at 1254 (citations omitted); Phillips, 591 F.2d at 968.  In this case, Plaintiff fails to establish a right to relief on the substantive claims asserted even when the facts as he alleges them are accepted as true.

Plaintiff also fails to establish that this Court has subject matter jurisdiction.  Plaintiff clearly bears the burden of establishing subject matter jurisdiction.  See Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982)).  Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) require a similar standard of

review as those for failure to state a claim.  A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.

Applying these standards demonstrates that Plaintiff's conclusions concerning the defendant's actions and the import of various court orders were clearly erroneous and his complaint is devoid of any arguable basis in law or fact.  As such, a dismissal of his complaint is warranted based on his violation of a court order and pursuant to Rule 12(b)(1), (6).

## II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FILING WITHOUT OBTAINING PRIOR LEAVE OF COURT.

As noted above, Plaintiff has filed numerous complaints similar to this one in several jurisdictions, including litigation initiated subsequent to the injunction issued by the Eastern District of Virginia prohibiting him from filing any actions in any federal court without leave of court.  Several district courts have dismissed complaints filed by Plaintiff based on the injunction against him.  In Tinsley v. Verizon Maryland, Inc., 1:02cv02731 (D. Md. 11/27/02) (Govt. Exh. 5), and Tinsley v. McGuire Woods, LLP, 1:02cv04044 (D.Md. 12/23/02) (Govt. Exh. 6), the District Court for the District of Maryland dismissed each action based on Plaintiff's "flagrant disregard of the order of the Eastern District of Virginia enjoining him 'from filing any new action or proceeding in any federal court without first obtaining leave of that court.'"  Tinsely v. Verizon Maryland, Inc., 1:02cv02731 (Govt. Exh. 5).  Notably, the District Court in Tinsley v.

10

Verizon Maryland, Inc. imposed further sanctions on Plaintiff, in the amount of $1,000, for his violation of the injunction.  Id.

Similarly, the District Court for the Western District of Tennessee, in Tinsley v. Union Planters Corp., 2:02cv02606 (W.D. Tenn. 8/8/02), dismissed an action filed by Plaintiff, and certified that any appeal taken from its Order would not be taken in good faith, based on this standing injunction and Plaintiff's long history of filing frivolous litigation.  Govt. Exh. 8.

Because Plaintiff has filed this present action in violation of the Eastern District Court's order in Tinsley v. FleetBoston Financial Corp., this Court should dismiss this action and impose sanctions against Plaintiff on that ground alone.

## III.    BECAUSE SOVEREIGN IMMUNITY BARS ANY CLAIMS AGAINST THE UNITED STATES AND ITS EMPLOYEES IN THEIR OFFICIAL CAPACITIES THE COURT LACKS SUBJECT MATTER JURISDICTION .

To the extent that a plaintiff seeks monetary damages against the United States or the Attorney General in his official capacity, the claim must be dismissed absent a waiver of sovereign immunity.  Meyer v. Reno,  911 F. Supp. 11 (D.D.C. 1996); Marshall v. Reno,  915 F. Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49 , 55 (D.D.C. 1995). Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity.  Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990); see also, United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985).  That Plaintiff may have named a federal employee as a defendant in his capacity does not operate to evade the immunity of the sovereign.  See Clark v. Library of Congress, 750

11

F.2d 89, 102-104 (D.C. Cir. 1984) (sovereign immunity acts as a bar to a damages remedy against the Librarian of Congress in official capacity).

The inherent sovereign immunity of the United States protects it and its agencies, such as the Department of Justice, from suit absent express waiver.  See United States v. Nordic Village, 503 U.S. 30 (1992).  Sovereign immunity also bars suits for money damages against Federal employees such as the Attorney General in his official capacities for nondiscretionary acts absent a specific waiver by the government.  Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984).

Plaintiff's complaint does not contain any colorable basis for such a waiver.  Indeed, there is no waiver of sovereign immunity for actions brought under Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), against the government, and Bivens-type actions against the United States and its agencies "are routinely dismissed for lack of subject matter jurisdiction."  Keene Corporation v. United States, 700 F.2d 836, 845 n. 13 (2d Cir.), cert. denied, 464 U.S. 864 (1983).  See also, FDIC v. Meyer, 510 U.S. 471, 484-86(1994), Mac'Voy v. The Smithsonian Institute, 757 F. Supp. 60, 69 (D.D.C. 1991).  Here, as noted above, Plaintiff does nothing more than name the Attorney General in his complaint, Compl. at 1, ¶ 3, and the wrongdoing that he attributes to the Defendant is not within the Court's jurisdiction.

## IV.    THE DEPARTMENT OF JUSTICE AND THE ATTORNEY GENERAL HAVE DISCRETION REGARDING THE DECISION NOT TO PROSECUTE PLAINTIFF'S CLAIMS.

Under settled principles of criminal and administrative law, federal prosecutors and federal agencies have prosecutorial discretion over whether to initiate an enforcement proceeding

or criminal case. <u>See</u> <u>Wood v. Herman</u>, 104 F.Supp. 2d 43, 45 (D.D.C. 2000) (*citing* <u>Heckler v.</u> <u>Chaney</u>, 470 U.S. 821, 831 (1985) ("an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); <u>see also</u> Administrative Procedure Act ("APA"), 5 U.S.C. § 701(a)(2) (administrative decisions generally are not reviewable by the courts when they are "committed to agency discretion by law." <u>Cf.</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409, 421-423 (1976) (discussing prosecutorial immunity from liability for damages and prosecutorial discretion generally).

Because Plaintiff alleges constitutional violations, it is relevant to note that, because any and all decisions made by the Attorney General in response to Plaintiff's claims can be considered prosecutorial decisions, Attorney General Alberto Gonzales is also shielded by absolute immunity. The Supreme Court has long recognized an absolute immunity for prosecutors from personal liability for actions related to the performance of their public duties. The protection of absolute prosecutorial immunity is not even limited to actions taken by a government attorney in a criminal context. <u>See</u> <u>Schrob v. Catterson</u>, 948 F.2d 1402, 1411-12 (3d Cir. 1991) (absolute immunity is extended to officials when their duties are functionally analogous to those of a prosecutor, regardless of whether those duties are performed in the course of a civil or criminal action); <u>Duerscherl v. Foley</u>, 681 F. Supp. 1364, 1368 (D.C. Minn.), <u>aff'd</u> <u>mem.</u>, 845 F.2d 1027 (8th Cir. 1988) (County attorney entitled to absolute immunity in proceeding with a paternity action); <u>Henry v. Farmer City State Bank</u>, 808 F.2d 1228, 1238 (7th Cir. 1986) (State's Attorney entitled to absolute immunity for actions taken in executing foreclosure judgments); <u>Coleman v. Federal Intermediate Credit Bank</u>, 600 F. Supp. 97, 101 (D.C. Or. 1984) (absolute prosecutorial immunity available to government attorneys who made

decision to have credit association declared insolvent).

In Yaselli v. Goff, 275 U.S. 503 (1927), the Supreme Court held that a prosecutor could

not be sued for malicious prosecution.  Later, in Imbler v. Pachtman, 424 U.S. 409, 420 (1976),

the Supreme Court held that this absolute immunity barred constitutional tort claims.  The Court

reasoned:

> The common-law immunity of a prosecutor is based upon the same considerations
> that underlie the common-law immunities of judges and grand jurors acting within
> the scope of their duties.  These include concern that harassment by unfounded
> litigation would cause a deflection of the prosecutor's energies from his public
> duties, and the possibility that he would shade his decisions instead of exercising
> the independence of judgment required by his public trust.

Id. at 422-23.  See also Moore v. Valder, 213 F3d 705 (D.C. Cir. 2000).  The Court also stressed

that there were substantial checks against abuse.  Aside from the prospect of criminal sanctions

for willful deprivations of constitutional rights, "a prosecutor stands perhaps unique, among

officials whose acts could deprive persons of constitutional rights, in his amenability to

professional discipline by an association of his peers."  Id. at 429.

The prosecutor's immunity extends to any activities that are "intimately associated with

the judicial phase of the criminal process."  Id. at 430.  **This includes "initiating a prosecution"**

and "presenting the . . . case."  Id. at 431 (emphasis added).  Indeed, the Supreme Court has often

repeated this concept.  See e.g., Burns v. Reed, 500 U.S. 478, 489-491 (1991) (prosecutor

entitled to absolute immunity for participating in probable cause hearing which led to the

issuance of a search warrant).  The Court's opinion in Imbler leaves no doubt about its intent to

cloak all advocatory functions with immunity:

> [S]uits that survived the pleadings would pose substantial danger of liability even
> to the honest prosecutor.  The prosecutor's possible knowledge of a witness'

14

falsehoods, the materiality of evidence not revealed to the defense, the propriety
of a closing argument, and--ultimately in every case--the likelihood that
prosecutorial misconduct so infected a trial as to deny due process, are typical of
issues with which judges struggle in actions for post-trial relief, sometimes to
differing conclusions.

Id. at 425; accord Burns, 500 U.S. at 491.

Courts have applied immunity to cloak every aspect of the criminal prosecution, from

grand jury proceedings to plea bargains and appeals.  Absolute immunity has been held to apply

to the filing of a civil forfeiture action, Schrob v. Catterson, 948 F.2d at 1411-12; to presenting

evidence before a grand jury, Morrison v. Baton Rouge, 761 F.2d 242, 247-48 (5th Cir. 1985);

see Burns v. Reed, 500 U.S. 478 at 490; to reckless prosecution based on inadequate

investigation, Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); threatening criminal

prosecution, Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir.), cert. denied, 484 U.S. 828 (1987);

obtaining criminal complaints and warrants based on false or coerced statements, Joseph v.

Patterson, 795 F.2d 549, 555 (6th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Burns v. Reed,

supra at 1942; advocating a position on bail, Lerwill v. Joslin, 712 F.2d 435, 438-39 (10th Cir.

1983); striking a deal with defense counsel to obtain evidence, Krohn v. United States, 742 F.2d

24, 30 (1st Cir. 1984); destruction and falsification of evidence, Heidelberg v. Hammer, 577 F.2d

429, 432 (7th Cir. 1978); securing the attendance of witnesses and the accused at trial, Hamilton

v. Daley, 777 F.2d 1207, 1213 (7th Cir. 1985); solicitation and subordination of perjured

testimony, Taylor v. Kavanagh, 640 F.2d 450, 452 (2nd Cir. 1981); introduction of illegally

seized evidence, Taylor, 640 F.2d at 452; agreeing to dismiss charges in return for dropping civil

action, McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984); and misconduct in the plea

arrangement process, Myers v. Morris, 810 F.2d at 1446. See also  Gray v. Bell, 712 F.2d 490,

15

494, 502 (D.C. Cir. 1983) (absolute immunity barred, *inter alia*, claims that prosecutors failed to present exculpatory evidence to grand jury and did present false testimony), <u>cert</u>. <u>denied</u>, 465 U.S. 1100 (1984).

As the scope and breadth of these decisions indicates, courts are in general agreement that absolute immunity must be applied liberally when claims are asserted against prosecutors for actions they have taken in carrying out their public responsibilities in the course of the judicial process. None of the alleged actions of Attorney General Alberto Gonzales are outside of his fundamental responsibilities as an advocate for the government, and as such are cloaked with the broad absolute immunity delineated in the above cases. Attorney General Alberto Gonzales is, therefore, entitled to absolute prosecutorial immunity for such actions as plaintiff has alleged. Accordingly, he is protected in the exercise of his duties by absolute immunity and Plaintiff has failed to state a claim upon which relief can be granted. Indeed, notwithstanding that no judgments have been entered in favor of Plaintiff in any of the actions he refers to in the Complaint, because the decision not to prosecute is discretionary, Plaintiff has failed to state an actionable claim, and his Complaint should be dismissed.

V.      **PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FEDERAL MAIL FRAUD AND WIRE FRAUD STATUTE, 18 U.S.C. §1341.**

The Court should dismiss this complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6 )for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In his complaint, Plaintiff asserts that the Attorney General violated 18 U.S.C. § 1341, by failing to respond to his letters and faxes "requesting his intervention in rackteering/treason cases in which writs of mandamus had been filed, but monetary judgments not received."

Compl. at 2, ¶ 5(a).  The Federal Wire Fraud statute,18 U.S.C. § 1341, however, concerns

criminal offenses that have no corresponding private right of action.  Wiggins v. Morris, 853

F.Supp. 458, 466 (D.D.C. 1994).  Other courts that have considered this issue have also found no

private right of action.  See Official Publications, Inc. v. Kable News Co., 884 F.2d 664, 667 (2d

Cir. 1989) ("18 U.S.C. § 1341 . . . do[es] not provide a private right of action."); Bell v. Health-

Mor, Inc., 549 F.2d 342, 346 (5th Cir. 1977) ("there is no private right of action under the Federal

Mail Fraud statute.  The Mail Fraud statute is criminal in nature, and it does not create a private

right of action."); Ryan v. Ohio Edison Co., 611 F.2d 1170, 1178 (6th Cir. 1979) (finding the

scant legislative history of the mail fraud statute to indicate an intent to punish dealers of

fraudulent devices for using the United States mails but not an intent to create a private right of

action); Wisdom v. First Midwest Bank, of Popular Bluff, 167 F.3d 402, 408 (8th Cir. 1999)

(same); Aguilar v. United States, 1999 WL 1067841 (D.Conn. Nov. 8, 1999) ("plaintiff fails to

state a valid mail fraud claim as 18 U.S.C. § 1341, may only be prosecuted by the government,

not against it").  Accordingly, Plaintiff's claim that the Defendant violated 18 U.S.C. § 1341,

cannot support a private right of action by Plaintiff, and therefore fails to state jurisdiction of the

Court or a claim upon which relief may be granted by this Court.

Notably, in Tinsley v. Mueller, 1:03cv00059, Memorandum Opinion filed 5/14/03,

Plaintiff filed an identical action against the Director of the Federal Bureau of Investigation in

which he alleged the exact same frivolous cause of action that he raised in this case – "wilful

negligence" under 18 U.S.C. § 1341 for failing to respond to Plaintiff's correspondence.  Govt. 7.

Judge Kennedy held that Plaintiff failed to state a claim under the Federal Mail Fraud Act, 18

U.S.C. § 1341 because the statute conveys no private right of action.  Id.  See also Tinsley v.

American Bar Ass'n, 1:03cv2618 (N.D. Ill. May 15, 2003), attached as Govt. Exh. 10

(dismissing Plaintiff's complaint, citing 18 U.S.C. §§ 1341 and 1344, without prejudice for

failure to state a claim as "[o]nly the United States Attorney has jurisdiction to prosecute

violations of federal criminal laws").

       Like the identical claim in Tinsley v. Mueller, Plaintiff's claim here is baseless, frivolous,

and merely raises an allegation that the Defendant did not respond to his two letters concerning

the outcome of the cases he cited. Failure to respond to his letters does not create any liability for

mail fraud under 18 U.S.C. § 1341.  Further, although Plaintiff claims that several judgments

have been entered in his favor, and writs of mandamus were issued in a number of cases, a search

of these dockets revealed that no writs of mandamus were ever issued, nor were any judgments

entered in Plaintiff's favor.


## VI.     THE COURT, UNDER ITS INHERENT CONSTITUTIONAL AND STATUTORY AUTHORITY, SHOULD PROHIBIT PLAINTIFF FROM FILING FUTURE LITIGATION IN THIS COURT WITHOUT OBTAINING PRIOR LEAVE OF COURT.

       It is axiomatic that "federal courts have both the inherent and constitutional obligation to

protect their jurisdiction from conduct which impairs their ability to carry out Article III

functions."  In re Martin-Trigona, 737 F.2d 1254, 1261 (2nd Cir. 1984).  Moreover, a district court

has the power under the All Writs Act, 28 U.S.C. 1651(a) to enjoin litigants who repeatedly file

frivolous suits and who abuse the judicial process.  Armstrong v. Koury Corp., 16 F.Supp.2d

616, 619 (M.D.N.C. 1998), aff'd 168 F.3d 481 (4th Cir. 1999); Tripati v. Beaman, 878 F.2d 351,

352 (10th Cir. 1989); Walker v. Stanley, 231 B.R. 343, 350 (N.D. Cal. 1999).  In the D.C. Circuit,

"it is well-settled that a court may employ injunctive remedies to protect the integrity of the

18

courts and the orderly and expeditious administration of justice." Urban v. United Nations, 768

F.2d 1497,1499-1500 (D.C. Cir. 1985). In Urban, a *pro se* plaintiff had repeatedly flooded the

court with meritless and unintelligible claims against real and imaginary government entities

lacking in any substantive basis upon which the court might maintain jurisdiction. Id. In barring

the plaintiff from filing any future actions in any federal court without prior leave of court, the

D.C. Circuit Court reasoned that it had an obligation to relieve the burden placed on the system

by "one litigant who has a fanatical desire to flood the courts." Id.

Over the past several years, Plaintiff, here, has filed at least thirty-nine suits in various

federal courts throughout the country, all of which have been dismissed. Plaintiff's history

demonstrates that, with the intent to harass and with no basis in fact or law, he repeatedly pursues

litigation against government entities, officials, and members of the judiciary. In almost every

single case, Plaintiff has followed a nearly identical pattern of filing frivolous motions in

response to any unfavorable result, even after a case is closed. He has routinely filed "motions

for judgment" lacking in any basis in law, and nearly always follows these motions with motions

to disqualify the judges who ruled against him. Notably, in this case, Plaintiff has already filed

his "motion for judgment," in which he claims that the Attorney General is "in default on charges

of mail fraud" for failing to file an Answer by April 13, 2006, and that the Attorney General and

President George W. Bush are "felons" due to the Attorney General's past behavior in failing to

respond to Plaintiff's previous suits. Dkt. No. 4. Furthermore, as he does in the instant matter,

Plaintiff has routinely made false statements to the court concerning the outcome of his previous

cases. Plaintiff has also accused the Clerk of this Court of obstruction of justice and of violating

his 5th Amendment rights for the Clerk's failure to mail Plaintiff a file-stamped copy of his

"motion for judgment."  Govt. Exh. 2 at 1.

Although Plaintiff has repeatedly ignored a similar order imposed on him by the Eastern District of Virginia, given his evident propensity to file multiple complaints and motions of insignificant or no merit, Defendant requests that the Court prohibit Plaintiff from filing any further litigation without leave of court.  Such an Order would be consistent with resolving this case in a manner that protects the efficiency and integrity of the judicial process by relieving any future burden placed on this Court from the harassment of frivolous and vexatious litigation initiated by Plaintiff while affording him the opportunity to file any meaningful actions. Although we submit that the principles set forth in Fed. R. Civ. P. 11 have been violated, we are not seeking its sanctions, and thus are not attempting to comply with the 21-day notice and opportunity to withdraw provisions set forth in Rule 11(c)(1)(A).

## <u>CONCLUSION</u>

Wherefore, for all of the foregoing reasons, Plaintiff's Complaints and this action should be dismissed with prejudice, Plaintiff should be enjoined from filing any future actions in any federal court without prior leave of court, and the Court should impose any additional sanctions it deems appropriate to prevent further abuse of the judicial system by Plaintiff.  A proposed Order consistent with this Motion is attached.

Respectfully submitted,


   /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


   /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


   /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843


## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2006, a copy of the foregoing Motion to

Dismiss and for Sanctions was mailed, postage prepaid, to Plaintiff, Philip Tinsley, 148 Preston

Circle, Fredericksburg, VA 22406-5144.


   /s/  Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney

21

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PHILIP TINSLEY III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0429 (RCL) |
| | ) | |
| HON. ALBERTO R. GONZALES, | ) | |
|   Attorney General of the United States, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>ORDER</u>

UPON CONSIDERATION of Defendant's Motion to Dismiss and Motion for Sanctions, and any Opposition thereto, it is this _____ day of _____, 2006, hereby

ORDERED, that the Motion to Dismiss is granted, and it is further

ORDERED, that the Complaint in the above-captioned matter is dismissed with prejudice, and it is further

ORDERED, that Plaintiff shall not file any further complaints or motions in any Federal court without prior leave of that court, and it is further

ORDERED, that Defendant and any Federal entity is relieved from the obligation to respond to any pending or further complaints, motions and/or other matters filed by Plaintiff absent an order of the Court.

                                                  _____
                                                  ROYCE C. LAMBERTH
                                                  UNITED STATES DISTRICT JUDGE