UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP TINSLEY III,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT S. MUELLER III,<br><br>Defendant. | Civil Action 03-00059 (HHK) |

**MEMORANDUM OPINION**

Plaintiff, Philip Tinsley, III, proceeding *pro se*, brings this action against defendant, Robert S. Mueller, III, Director of the Federal Bureau of Investigation ("FBI"), seeking $1,000,000 in damages because, Tinsley claims, defendant violated the federal mail fraud statute, 18 U.S.C. § 1341. Before this court is defendant's motion to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Tinsley's motion for judgment. Upon consideration of these motions, the oppositions thereto, and the record of this case, the court concludes that defendant's motion must be granted, and Tinsley's motion must be denied.

**I. BACKGROUND INFORMATION**

Tinsley's claim stems from defendant's alleged failure to respond to two letters Tinsley sent to the FBI in November 2002. In the first letter, sent on November 5, 2002, Tinsley requested that defendant "take responsibility as the Director of the FBI for the default in *Tinsley v. United States, Case no. 00CV283*, US Ct. Fed. Cl." Compl. ¶ 5(a). The FBI did not immediately respond to this correspondence, and on November 22, 2002, Tinsley sent a second


GOVERNMENT EXHIBIT 7

letter to the FBI, this time explaining "the FBI's felonious guilt in [*Tinsley v. United States*] and requesting payment of the $1,000,000 along with an acknowledgment that the FBI was federally restrained." Compl. ¶ 5(b). Tinsley alleges that, by failing to respond to these missives, defendant violated 18 U.S.C. § 1341.

Defendant responded to Tinsley's complaint on March, 24, 2003, by filing the instant motion to dismiss. Defendant contends, *inter alia*, that this action must be dismissed because 18 U.S.C. § 1341 does not confer a private right of action.[1]

On March 27, 2003, the court filed an order, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), warning Tinsley of the consequences of failing to respond to defendant's dispositive motion.[2] Regrettably, however, Tinsley did not file an opposition to defendant's motion, and the time for doing so has now passed. Tinsley did, however, file a motion styled as a "Motion for Judgment,"[3] pursuant to "Rules 4, 6(e), 7(a) & 55." Pl.'s Mot. for Judgment at 1.

## II. ANALYSIS

### A. Tinsley's Motion for Judgment

The court shall first address Tinsley's "Motion for Judgment." In this motion, Tinsley argues that defendant is in default because defendant did not file an answer by March 21, 2003,

---

[1] Defendant also contends that the action must be dismissed because the court lacks subject matter jurisdiction over this controversy. Defendant further asserts that even if Tinsley had stated a claim, any claim against defendant in his official capacity must fail because sovereign immunity has not been statutorily waived.

[2] The court's *Fox* order directed Tinsley to file an opposition by no later than April 16, 2003.

[3] Tinsley's motion for judgment fails to address any of the arguments defendant raises in his motion to dismiss.

which, Tinsley claims, was the operative deadline, pursuant to Fed. R. Civ. P. 4. Defendant, meanwhile, maintains that the appropriate deadline for responding to Tinsley's complaint was March 24, 2003, the very day the motion to dismiss was filed. Defendant further contends that, to the extent that Tinsley's motion is construed as one for default under Rule 55, it is not properly before the court.

The court agrees with defendant. Tinsley has not shown that defendant's motion was untimely filed. Moreover, even if defendant's motion to dismiss were filed beyond the operative deadline, Tinsley still would not be entitled to a default judgment. Before a default judgment can be entered against the United States Government, or an officer or agency thereof, a plaintiff must establish her "claim or right to relief by evidence satisfactory to the court." Fed. R. Civ. P. 55(e). Tinsley has not provided this court with any evidence whatsoever to demonstrate his entitlement to the relief he seeks. Thus, Tinsley's motion for a default judgment must be denied.[4] *See Simmons v. United States Parole Comm'n*, 590 F. Supp. 1221, 1222 (D.D.C. 1984) (reaching the same conclusion).

**B. Defendant's Motion to Dismiss**

The court now turns to defendant's motion to dismiss. A complaint should be dismissed for failure to state a claim only if it appears that the plaintiff can prove no set of facts that would entitle her to relief. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citing *Conley v. Gibson*, 355 U.S.

---

[4] Tinsley's motion for a default judgment is also procedurally flawed. Before a party may obtain a default judgment, she must apply to the clerk for an entry of default because the entry of default is a procedural condition precedent for the entry of a default judgment. Fed. R. Civ. P. 55; *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996) (entry of a default judgment in the absence of entry of default is procedurally flawed).

3

41, 45-46 (1957)). The complaint must be liberally construed to give the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Schuler,*, 617 F.2d at 608 (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969)). Furthermore, the allegations of a *pro se* complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 64 (D.D.C. 2002) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

The primary issue before the court is whether Tinsley can state a claim under the federal mail fraud act, 18 U.S.C. § 1341. Defendant argues that § 1341, a criminal statute, conveys no private right of action. The court agrees.

It is well established that private claims for federal mail fraud must be dismissed because mail fraud is a criminal offense that has "no corresponding private right of action." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 458, 466 (D.D.C. 1994) (citations omitted); *accord Wisdom v. First Midwest Bank, of Popular Bluff*, 167 F.3d 402, 408 (8th Cir. 1999); *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977); *Krupnick v. Union Nat'l Bank*, 470 F. Supp. 1037, 1038-39 (W.D. Pa.1979); *Milburn v. Blackfrica Promotions, Inc.*, 392 F. Supp. 434, 435 (S.D.N.Y.1974). In fact, no court has interpreted the mail fraud statute to imply a civil remedy. *See Ryan*, 611 F.2d at 1179-80. As such, the court must dismiss Tinsley's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

4

## III. CONCLUSION

For the reasons set forth in this memorandum opinion, defendant's motion to dismiss the complaint must be granted, and Tinsley's motion for judgment must be denied. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.<br>
United States District Judge

Dated: May 14, 2003