IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PHILIP TINSLEY III, | X X X | |
| Plaintiff, | X X | |
| vs. | X | No. 02-2606-Ma/A |
| UNION PLANTERS CORPORATION, et al., | X X X X | |
| Defendants. | X X | |

ORDER DENYING MOTION TO DISQUALIFY
AND
ORDER RESTRICTING FILING PRIVILEGES

On August 8, 2002, this Court issued an order dismissing this pro se action because, inter alia, it was filed in violation of a bar order issued by the United States District Court for the Eastern District of Virginia. Tinsley v. FleetBoston Fin. Corp., No. 2:01cv215 (E.D. Va. July 17, 2001). As an alternative ground for dismissal, the Court noted that Philip Tinsley III has no standing to proceed as a plaintiff in his own right and, because he is neither a licensed attorney nor admitted to practice before this Court, he may not represent his parents in their dispute with Union Planters. Judgment was entered on August 15, 2002. In the meantime, on August 14, 2002, plaintiff filed a motion to disqualify this judge.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-16-02



As a preliminary matter, Tinsley's[1] motion to disqualify is moot because his action has been dismissed. Moreover, because Tinsley is neither a proper party to this action nor an attorney, he is not entitled to file motions with this Court. Nonetheless, this Court will briefly address the merits of this irregular motion.

Tinsley's irregular motion does not satisfy the prerequisites for a recusal motion pursuant to 28 U.S.C. §§ 144. Tinsley has filed neither an affidavit nor a certificate stating that his motion is made in good faith. Moreover, Tinsley has not even attempted to demonstrate that this judge "has a personal bias or prejudice either against him or in favor of any adverse party."

"The legal standard [for recusal under § 144] requires the facts to be such as would 'convince a reasonable man that a bias exists.'" United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983) (citing Berger v. United States, 255 U.S. 22, 33 (1921)). According to the Sixth Circuit:

> To warrant recusal under § 144, an affidavit must "allege[] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." General Aviation, Inc. v. Cessna Aircraft Co., 915 F.2d 1038, 1043 (6th Cir. 1990). The alleged facts, moreover, must relate to "extrajudicial conduct rather than . . . judicial conduct." United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983) (internal quotation marks omitted). In other words, the affidavit must allege facts showing "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." Id. at 1090 (internal quotation marks omitted).

---

[1] As previously noted, Tinsley cannot properly be characterized as a "plaintiff" because he has no interest in this controversy.

2

Ullmo ex rel. Ullmo v. Gilmour Academy, 273 F.3d 671, 681 (6th Cir. 2001) (citations omitted). The same principle is applicable to recusal motions pursuant to 28 U.S.C. § 455(a). Liteky v. United States, 510 U.S. 540 (1994).

In this case, the sole basis for Tinsley's recusal motion is his contention that this judge "has exhibited extreme incompetence with respect to his knowledge of the U.S. Constitution, the United States Code, and of civil rights in general." The fact that Tinsley is unhappy with this Court's substantive handling of this lawsuit does not provide a basis for disqualification. Accordingly, the recusal motion is DENIED.

It is also necessary briefly to address a number of factual assertions made in Tinsley's irregular motion, in particular the assertions going to the existence and continued validity of the bar order. Tinsley asserts as follows:

> There never was a Case No. 2:00CV215, in the U.S. District Court for the Eastern District of Virginia's Norfolk Division . . . this is *fraud*. The correct case number is Case No. 00-2147-A, Tinsley v. FleetBoston Financial Corp., and it was filed in the U.S. District Court for the Eastern District of Virginia's **Alexandria Division** . . . FleetBoston Financial Corp. **defaulted** with the "MOTION FOR JUDGMENT" being filed in the exact same Division on January 30, 2001.

08/14/02 Motion at 2-3 (emphasis in original). This statement is inaccurate. Although Tinsley did commence his action in the Eastern District of Virginia's Alexandria Division, an examination of the docket sheet in that action indicates that FleetBoston filed a motion seeking to transfer venue to that court's Norfolk Division. That order was granted on March 20, 2001, Tinsley v.

3

FleetBoston Fin. Corp., No. 1:00cv2147 (E.D. Va.), and the case was transferred to the Norfolk Division, where it was assigned the docket number 2:01cv215.[2] See also Tinsley v. FleetBoston Fin. Corp., No. 2:01cv215, slip op. at 1 (E.D. Va. July 17, 2001) ("On March 20, 2001, the above-referenced matter was ordered transferred to the Norfolk Division of the Eastern District of Virginia from the Alexandria Division, where pro se Plaintiff Philip Tinsley, III originally filed it.").[3]

Tinsley also asserts that "U.S. District Judge Jerome Barry Friedman[[4]] was disqualified from acting on any case concerning this pro se plaintiff and his immediate family and can issue no 'ORDER[s].'" 08/14/02 Motion at 3 (alteration in original). He elaborates:

> Judge Jerome Barry Friedman was vehemently disqualified by filed motion in Case Nos. 2:00CV217 & 2:00CV360, in the U.S. District Court for the Eastern District of Virginia's Norfolk Division (see MOTION[s] TO DISQUALIFY, filed July 17, 2000, at 8:53 a.m. & July 27, 2000, at 8:44 a.m., respectively).

Id. at 2 (alteration in original). Suffice it to say that, before this Court issued an order stating that, by filing this action, Tinsley had violated the bar order in Tinsley v. FleetBoston Fin. Corp., No. 2:01cv215 (E.D. Va.), this Court obtained a copy of the

---

[2] Tinsley's irregular motion slightly misstates the case number in which the sanctions order was entered.

[3] It is also not correct that FleetBoston "defaulted." See Tinsley v. FleetBoston Fin. Corp., No. 2:01cv215, slip op. at 3-4 (E.D. Va. July 17, 2001) (denying Tinsley's motion for a default judgment as "baseless").

[4] Judge Friedman issued the July 17, 2001 order and opinion in Tinsley v. FleetBoston Fin. Corp.

4

bar order and confirmed with the Norfolk Division of the Eastern District of Virginia that that order remained in effect.[5]

As Philip Tinsley III is neither a proper party to this action nor a licensed attorney who is admitted to practice before this Court, the Clerk is ORDERED not to accept for filing any further documents submitted in this action by Tinsley other than a one-page notice of appeal. The Clerk is ORDERED to return to Tinsley, without docketing, any documents submitted in violation of this order.

IT IS SO ORDERED this 15th day of August, 2002.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The docket sheets for these actions indicate that Tinsley filed disqualification motions in both cases after the entry of judgment, and that no order addressing those motions was issued.

5